## AFFIDAVIT

I, Thomas F. Crowley, being duly sworn, do state that:

1. I am employed as a Special Agent with the United States Department of Treasury Bureau of Alcohol, Tobacco, Firearms & Explosives, ("BATF") and have been so employed for the past seventeen years. Prior to that, I was employed as a Deputy United States Marshal. During my career in law enforcement, I have participated in numerous investigations involving the unlawful possession of firearms. In my current assignment, I work closely with the Boston Police Youth Violence Strike Force. The Strike Force focuses on firearms related activities in the City of Boston. I have participated in the investigation of and/or effected the arrest of over 150 individuals, many of which were for violations of the Federal Firearms Laws.

2. This affidavit is made in support of a criminal complaint charging Michael Whitmore (DOB: 2/27/82)("Whitmore") with violating Title 18, United States Code, Section 922(g)(1)(felon in possession of a firearm and ammunition). I am familiar with federal firearms laws and know that it is a violation of 18 U.S.C. §922(g)(1) for any person who has been previously convicted of a felony, that is, a criminal offense punishable by a term of imprisonment exceeding one year, to possess a firearm or ammunition that has traveled in interstate commerce.

3.  The facts stated herein are based upon my personal investigation, as well as upon conversations I have had with other law enforcement officers and my review of police reports and records maintained by local law enforcement officers.

4.  On September 27, 2003, Boston Police Officer Brian Smigielski observed a 1994 Toyota Corolla, bearing Massachusetts registration 331KWI turn to on Blue Hill Avenue failing to use a directional. The vehicle then turned on to Holborn Street, again failing to use a directional.

5.  As the vehicle turned, the driver made eye contact with Officer Smigielski who recognized him as Whitmore, who was known to the officer from prior dealings including two occasions within the past week. As Officer Smigielski continued to follow the vehicle he noticed that Whitmore looked in the rear view mirror numerous times. The officer also then observed Whitmore slouch in the driver's seat, look again in the rear view mirror, and then lean forward and down as if placing something on to the floor or under the seat.

6.  The vehicle then turned onto Humboldt Avenue, at which time Officer Smigielski activated his blue lights and executed a traffic stop. Officer Smigielski approached the vehicle and asked the driver, whom he recognized as Michael Whitmore, for his license and registration.

7.  As he was speaking to Whitmore, Officer Smigielski

noticed that Whitmore appeared to be extremely nervous and that his demeanor was vastly different from his previous encounters. Fearing for his safety, Officer Smigielski removed Whitmore from the vehicle and conducted a pat frisk. The officer then looked under the drivers seat where he observed a Smith and Wesson, Model 3914, 9mm pistol, serial number TFA2157 loaded with four rounds of SPEER ammunition. Also recovered from the floor of the vehicle was a white tube sock containing five rounds of 9mm SPEER ammunition.

8.    The BATF National Tracing Center conducted a trace of the firearm. I have learned that the Smith and Wesson, Model 3914, 9mm pistol, serial number TFA2157 which was recovered from Whitmore was purchased on December 15, 2002 by Jevell Harris at Nationwide Jewelry and Pawn, which is located at 1088 Farr Road in Columbus, Georgia.

9.    On February 12, 2004 I interviewed Betty Whitmore at her residence 24 Millmont Street Roxbury, Massachusetts. Betty Whitmore advised that she had a 1994 Toyota Corolla registered in her name. She further advised that in May 2003 she purchased a new Toyota Camray for herself and gave her old car to her grandson, whom she identified as Michael Whitmore. Betty Whitmore was aware that Michael was arrested driving this vehicle in September of 2003.

10. Betty Whitmore stated that the Corolla that Michael was driving when he was arrested is still registered in her name for insurance purposes only but that she does not drive it. She further advised that she had driven the car from the impound lot after Whitmore was arrested. Aside from that one occasion in September of 2003, though, she had not driven the car since May of 2003.

11. On February 12, 2004, I interviewed Whitmore's mother, Darlene Whitmore at 5 Dunkeld Street, Dorchester Massachusetts. Ms. Whitmore advised that Michael drives a Toyota Corolla, which was given to him by his grandmother. When asked if anybody else has access to this vehicle, she stated that Michael was the only one who uses it and that there was only one key to it, which Michael has. Ms. Whitmore stated that she drove the car one time but was afraid to use it because she does not have a license.

12. On September 30, 2003, the Smith and Wesson, Model 3914, 9mm pistol, serial number TFA2157 recovered from Whitmore was examined by the Boston Police Department Ballistics Unit. After examining and test firing the firearm, Ballistician Carl Washington determined that it is a functioning firearm.

13. On November 13, 2003, BATF Special Agent Phillip Ball conducted an interstate nexus examination of the ammunition that was recovered from Whitmore. All rounds examined were marked, "SPEER." Special Agent Ball determined that SPEER ammunition is

not manufactured in the State of Massachusetts and that the ammunition recovered in Whitmore's automobile therefore traveled in interstate commerce before September 27, 2003.

14. On February 20, 2004, Valerie McCarthy of the Massachusetts Governor's Council advised that Michael Whitmore, date of birth February 27, 1982 had never applied for or received a Governor's Pardon.

15. On February 24, 2004 Stephanie Forbes, Program Analyst for the BATF, Firearms Enforcement Branch, advised that Michael Whitmore had never received restoration of his firearms privileges.

16. The Massachusetts Board of Probation reflects that Michael Whitmore, date of birth February 27, 1982 has a criminal record in Massachusetts. The record further reflects that, on March 15, 2002, Whitmore was convicted in Roxbury District Court of the crime of Assault and Battery with a Dangerous Weapon. Whitmore received a sentence of two years incarceration.

17. Based on the above, there is probable cause to believe that, on September 27, 2003, Michael Whitmore possessed a firearm in and affecting commerce, to wit, a Smith and Wesson, Model 3914 9mm pistol, serial number TFA2157, and ammunition, to wit, nine

rounds of 9mm SPEER ammunition, all in violation of 18 U.S.C. §922(g)(1).

_____
Thomas F. Crowley
Special Agent
Bureau of Alcohol, Tobacco
Firearms & Explosives

Sworn and subscribed to before me this 25th day of February, 2004.

_____
CHARLES B. SWARTWOOD, III
U.S. Magistrate Judge
District of Massachusetts