```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____  )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            v.                        )   **CRIMINAL ACTION**
                                      )   **NO. 04-1683-CBS**
MICHAEL WHITMORE,                     )
            Defendant,                )
_____)


**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON
THE GOVERNMENT'S MOTION FOR DETENTION
March 11, 2004**


**SWARTWOOD, M.J.**


   I.   Nature Of The Offense And The Government's Motion

   On February 25, 2004, a Criminal Complaint was filed charging Michael Whitmore ("Mr. Whitmore") with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

   At Mr. Whitmore's initial appearance on February 26, 2004 in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(A)(Mr. Whitmore is charged with a crime of violence),(f)(1)(D)(Mr. Whitmore is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A)

through (C) of such section if federal jurisdiction had existed) and (f)(2)(A) (Mr. Whitmore poses a risk of flight).

On March 5, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Lisa Rudnicki, Special Agent with the United States Department of the Treasury Bureau of Alcohol, Tobacco and Firearms ("ATF") testified on behalf of the Government and was cross-examined by Mr. Whitmore's counsel. Additionally, Betty Whitmore, Mr. Whitmore's grandmother, testified as a potential third-party custodian in the event that Mr. Whitmore were released.

## II.  Findings of Fact

1. On September 27, 2003, Boston Police Officer Brian Smigielski observed a motor vehicle fail to use directional signals in making several turns. Officer Smigielski recognized the operator of the motor vehicle as being Mr. Whitmore as a result of prior contact with Mr. Whitmore. Officer Smigielski observed Mr. Whitmore slouching in the driver's seat, continuously looking in his rear view mirror at Officer Smigielski, leaning forward and down in the automobile as if placing something on the floor or under the front seat of the automobile. Govt. Ex. 1.

2. Officer Smigielski stopped Mr. Whitmore because of his failure to use directional signals in turning. When stopped by Officer Smigielski, Mr. Whitmore appeared nervous and was acting differently than he had acted on prior occasions when Officer

Smigielski had observed him. Therefore, Officer Smigielski requested police backup. Eventually, Mr. Whitmore was removed from the vehicle and following a pat search, Officer Smigielski then looked under the driver's seat where he observed a Smith and Wesson, Model 3914, 9mm pistol, loaded with four rounds of SPEER ammunition. Also recovered from the floor of the vehicle under the driver's front seat, was a white tube sock containing five rounds of 9mm SPEER ammunition. Id.

3. The Smith and Wesson, Model 3914, 9mm handgun recovered from Mr. Whitmore had been purchased on December 15, 2002 by an individual in Columbus, Georgia. Id. The SPEER 9mm ammunition recovered from Mr. Whitmore's vehicle was not manufactured in the District of Massachusetts. Id.

4. Mr. Whitmore has a juvenile record for being found delinquent on October 8, 1997 for armed robbery (Govt. Ex. 2) for which he received probation to October 8, 1998; on November 23, 1998, Mr. Whitmore was again found delinquent, committed to the Division of Youth Services and probation to February 28, 2000 for possession of burglarious tools which probation was eventually revoked and Mr. Whitmore received a suspended sentence to the Division of Youth Services.

5. Mr. Whitmore has a adult record of convictions which can be summarized, in relevant part, as follows:

| **DATE** | **OFFENSE** | **DISPOSITION** |
|---|---|---|
| 8/9/01 | Threatening | 10/31/01, guilty, ten days suspended sentence for six months to 4/30/02. |
| 9/4/01 | Possession with intent to distribute a Class B controlled substance | 11/21/01, guilty, two years House of Correction, suspended to 11/20/02 |
| 9/17/01 | Possession of a Class D controlled substance | 11/21/01, guilty, probation to 11/20/02 |
| 2/14/02 | Violation of the Abuse Prevention Act | 3/15/02, guilty, two years committed |
| 2/14/02 | Assault and battery | 3/15/02, guilty, two years committed |
| 2/14/02 | Assault and battery with a dangerous weapon | 3/15/02, guilty, two years committed |

III. Probable Cause

I find that when Mr. Whitmore was stopped by a Boston Police Officer on September 27, 2003, for traffic violations, he had in his possession a firearm and ammunition.  The firearm had traveled in interstate commerce and the ammunition had been manufactured outside of Massachusetts.  Additionally, I find that Mr. Whitmore has been previously convicted of several state offenses which would

4

be felonies under federal law. Therefore, I find probable cause for the offense charged against Mr. Whitmore in this Complaint.

### IV. Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f);

United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the

appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e).  Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.  Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).  In order to rebut either presumption, the

Defendant must produce "some evidence" to the contrary. <u>United States v. Jessup</u>, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including:

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

V.   Discussion of Whether Detention is Warranted

A.   Mr. Whitmore's History and Characteristics

Mr. Whitmore was born on February 27, 1982 in Boston, Massachusetts and has lived in Massachusetts all of his life.

Mr. Whitmore's father died in 1984 and his mother lives in Dorchester, Massachusetts.  Mr. Whitmore has three half siblings.  One half sibling, a sister on his father's side, resides in Boston, but Mr. Whitmore maintains minimal contact with her.  Mr. Whitmore has two half siblings on his mother's side with whom he maintains a relationship as he does with his mother.

Mr. Whitmore has two children with his current girlfriend and those children reside with their mother in Quincy, Massachusetts.  Mr. Whitmore sees his children on a daily basis and helps with the care of the children.

For the past ten months, Mr. Whitmore has resided with his grandmother, Betty Whitmore, in Roxbury, Massachusetts.  Occasionally, Mr. Whitmore stays with his girlfriend and their children in Quincy, Massachusetts.  From March 2000 to April 2003, Mr. Whitmore was incarcerated and prior to that, he lived with his mother in Dorchester, Massachusetts from 1994 to 2002.

Mr. Whitmore has been unemployed since 2001 and relies on his grandmother for support.

I have previously reviewed Mr. Whitmore's relevant criminal history.

9

>    B.  <u>Nature of the Offense; Weight of the Evidence;
>        Government's Burden; Nature and Seriousness of
>        Danger Posed By Mr. Whitmore's Release and Risk
>        of Flight</u>

### 1.  <u>Nature of the Offense</u>

Mr. Whitmore is charged with being a felon in possession of a firearm. If Mr. Whitmore is found guilty of this offense, he may, because of his prior criminal record, be deemed to be an armed career criminal and would face a minimum mandatory period of incarceration of fifteen years. Therefore, Mr. Whitmore is charged with a very serious offense.

### 2.  <u>Weight of the Evidence</u>

Bearing in mind that Mr. Whitmore is presumed innocent, the Court must nevertheless consider the weight of the evidence against him. Mr. Whitmore was driving and in sole possession of a motor vehicle which contained a firearm and ammunition under the front seat of that automobile. A Boston police officer observed Mr. Whitmore slouching down in the front driver's seat and appearing to be reaching under the seat. Since Mr. Whitmore has previously been convicted of state offenses which provide for more than one year incarceration, I find that the evidence against Mr. Whitmore in support of the offense charged in this Complaint, is substantial.

### 3.  <u>Government's Burden</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A),(f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions

that would reasonably assure the appearance of Mr. Whitmore as required.

The Government's burden of proof is by:

1. *Clear and convincing evidence* that Mr. Whitmore, if released, would pose a serious danger to any person or the community, or

2. A *preponderance of the evidence* that Mr. Whitmore, if released, would not appear as required.

4. <u>Whether Mr. Whitmore Poses A Danger To The Community</u>

I have previously found that a felon in possession of a firearm is a crime of violence which justifies detention pursuant to 18 U.S.C. §3142(f)(1)(A). I further find that Mr. Whitmore has been charged with a felony and has previously been convicted of two or more state offenses (distribution of a Class B controlled substance, possession of a Class D controlled substance, assault and battery and assault and battery with a dangerous weapon) which would have been offenses under 3142(f)(1)(A) and (C) if federal jurisdiction had existed. Consequently, the Government is warranted in seeking detention of Mr. Whitmore under 18 U.S.C. §3142(f)(1)(D).

Mr. Whitmore has a serious criminal record. Mr. Whitmore has previously been held responsible for committing a "violent felony", as that term is defined by 18 U.S.C. §924(e)(2)(B). As a juvenile, Mr. Whitmore was charged with armed robbery involving the threat

and use of force where one of Mr. Whitmore's co-conspirators was found to be carrying a knife when apprehended shortly after the robbery. Govt. Ex. 2. In addition to Mr. Whitmore's juvenile record, he has an adult record of convictions for threatening, possession with intent to distribute a Class B controlled substance, possession of a Class D controlled substance, violation of the Abuse Prevention Act, assault and battery and assault and battery with a dangerous weapon. Therefore, considering the totality of these circumstances, including Mr. Whitmore's criminal record which contains crimes of violence and drug offenses, I find by clear and convincing evidence that Mr. Whitmore poses a danger to the community and that there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if he were released.

     5. <u>Whether Mr. Whitmore Poses A Risk Of Flight</u>

    I find that there is a reasonable likelihood, because of Mr. Whitmore's prior criminal record, that if he is convicted of the offense charged in this Complaint, he could face a substantial period of incarceration which may well exceed fifteen years. However, Mr. Whitmore does have substantial ties to this District, where his mother, grandmother, half siblings with whom he maintains contact, his two children and his girlfriend reside. Mr. Whitmore's counsel has suggested that Mr. Whitmore reside with his grandmother, Betty Whitmore, as a third-party custodian and that he

be placed on electronic monitoring as a means for assuring his appearance in this Court as required. Considering the totality of the circumstances, I cannot find by a preponderance of the evidence that Mr. Whitmore would pose a risk of flight and therefore, decline to detain him on those grounds.

### V. <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Whitmore be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Whitmore be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Whitmore is detained and confined shall deliver Mr. Whitmore to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

    THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/s/Charles B. Swartwood, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE
